G. Hopkins Guy III (CA Bar No. 124811)
Email: hop.guy@bakerbotts.com
Hien "David" Lien (CA Bar No. 313754)
Email: david.lien@bakerbotts.com
**BAKER BOTTS L.L.P.**
1001 Page Mill Road, Bldg One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Fax: (650) 739-7699

*Attorneys for Plaintiff QuickLogic Corporation.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUICKLOGIC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>FLEX LOADING TECHNOLOGIES, LLC, AND QUICKFLEX, INC.,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff QuickLogic Corporation ("QuickLogic") seeks a declaratory judgment that it has not infringed on any claim of patents as asserted by Flex Loading Technologies, LLC ("Flex Loading Technologies") or QuickFlex, Inc. (collectively, "Defendants").

There is a live and existing controversy between the parties to this lawsuit. On December 4, 2024, counsel for Flex Loading Technologies sent a notice letter claiming that QuickLogic "offers products and services and/or system offerings that infringe upon one or more claims of QuickFlex's[1] patents, including, but not limited to U.S. Patent No. 8,176,212" (the "'212 Patent" or the "Asserted Patent"). Exhibit 1; Exhibit 2. Included with the notice letter was a draft Complaint for Patent Infringement. Exhibit 3.

Defendants have threatened QuickLogic with an immediate action if QuickLogic does not respond to a demand letter and have provided QuickLogic with a draft Complaint for patent infringement as part of Defendants' demand. The draft Complaint indicates that Defendants will proceed against QuickLogic in Delaware where neither QuickLogic nor Defendants have headquarters or offices, where no known witnesses or inventors reside, and where no documents or evidence is known to exist.

Defendants' threats of imminent litigation are real and QuickLogic presently believes that Defendants will file the threatened lawsuit in Delaware if QuickLogic does not act. The Defendants December 4th notice letter demanded that QuickLogic either enter into licensing negotiations by January 6, 2025, or Flex Loading Technologies "will take it to mean that QuickLogic prefers the Court determine the appropriate remedy for its unauthorized use of QuickFlex's patents," further stating that "QuickFlex is not reluctant to litigate patent infringement lawsuits." Exhibit 1. The letter concludes with an explicit statement that "[t]his letter is being sent without prejudice to all claims, defenses, rights, and remedies in law or equity, including the right to seek judicial relief, all of which are expressly reserved." Exhibit 1. QuickLogic in the past has been threatened with baseless litigation and has successfully asserted declaratory judgment jurisdiction and successfully defeated

---

[1] The notice letter states that "we have been retained to represent ***Flex Loading Technologies, LLC ("QuickFlex")*** patent litigation and licensing efforts." (Emphasis added). Exhibit 1. However, on information and belief, QuickFlex, Inc. is the assignee of the '212 Patent. Exhibit 4 (US8176212 Assignment Records).

---

1  all allegations made in its DJ complaint. *QuickLogic Corp. v. Konda Techs.*, 5:21-cv-04657-EJD
2  (N.D. Cal. 2022), before Judge Edward J. Davila. The present case presents similarly baseless
3  assertions of patent infringement by a party demanding a license and threatening expensive litigation
4  in a distant venue as a basis for the demand. Thus, QuickLogic seeks a declaration from this Court
5  that its activities are not infringing the Asserted Patent.

## INTRODUCTION

7  1.  This is an action for a declaratory judgment arising under the patent laws of the
8  United States, Title 35 of the United States Code. QuickLogic seeks a declaratory judgment that it
9  does not infringe any claim of the Asserted Patent. The action arises from a real and immediate
10 controversy between the QuickLogic and the Defendants as to whether QuickLogic infringes any
11 claims of the Asserted Patent.

12 2.  On December 4, 2024, counsel for Flex Loading Technologies mailed and email
13 the CEO of QuickLogic a notice letter claiming that QuickLogic "offers products and services
14 and/or system offerings that infringe upon one or more claims of QuickFlex's patents, including,
15 but not limited to U.S. Patent No. 8,176,212" (the "'212 Patent" or the "Asserted Patent").
16 Exhibit 1; Exhibit 2. Included with the notice letter was a draft Complaint for Patent Infringement.
17 Exhibit 3. The notice letter demanded that QuickLogic either entering into licensing negotiations
18 by January 6, 2025, or Flex Loading Technologies "will take it to mean that QuickLogic prefers
19 the Court determine the appropriate remedy for its unauthorized use of QuickFlex's patents,"
20 further stating that "QuickFlex is not reluctant to litigate patent infringement lawsuits." Exhibit 1.
21 The letter concludes with an explicit statement that "[t]his letter is being sent without prejudice to
22 all claims, defenses, rights, and remedies in law or equity, including the right to seek judicial
23 relief, all of which are expressly reserved." Exhibit 1. Therefore, because of the Defendants' threat
24 of suit, QuickLogic believes there is an immediate, substantial, and judiciable controversy whether
25 its programmable logic products infringe the Asserted Patent.

26 3.  The Defendants' actions have created a real and immediate controversy between
27 the Defendants and QuickLogic as to whether their products and/or services infringe any claims of
28 the Asserted Patent. The facts and allegations recited herein show that there is a real, immediate,

and justiciable controversy concerning these issues.

## THE PARTIES

4. QuickLogic Corporation is a Delaware corporation with a place of business at 2220 Lundy Ave., San Jose, California 95131.

5. On information and belief, QuickFlex, Inc. is a company organized under the laws of the Delaware with its principal place of business at 11718 Bowman Green Drive, Reston, VA 20190. Exhibit 5. On information and belief, QuickFlex, Inc. also has an office at 8401 N New Braunfels Ave # 3, San Antonio, TX 78209.

6. On information and belief, QuickFlex, Inc. may be served with process through its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE, 19808, with the phone 302-636-5401, or anywhere it may be found. Exhibit 5.

7. On information and belief, Flex Loading Technologies is a limited liability company formed July 28, 2023, organized under the laws of the Delaware. Exhibit 6.

8. On information and belief, Flex Loading Technologies may be served with process through its registered agent, A Registered Agent, Inc., located at 8 The Green, Suite A, Dover, DE, 19901, with the phone number 302-288-0670, or anywhere it may be found. Exhibit 6.

## JURISDICTIONAL STATEMENT

9. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

10. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11. This Court can provide the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. As described in this Complaint, an actual case and controversy exists at least because Flex Loading Technologies has asserted that QuickLogic infringes the Asserted Patent. Further, Flex Loading Technologies specified in a cease and desist letter

1  demanding that QuickLogic either entering into licensing negotiations by January 6, 2025 or Flex
2  Loading Technologies "will take it to mean that QuickLogic prefers the Court determine the
3  appropriate remedy for its unauthorized use of QuickFlex's patents," further stating that
4  "QuickFlex is not reluctant to litigate patent infringement lawsuits." Exhibit 1. The letter
5  concludes with an explicit statement that "[t]his letter is being sent without prejudice to all claims,
6  defenses, rights, and remedies in law or equity, including the right to seek judicial relief, all of
7  which are expressly reserved." Exhibit 1.

8      12.    This Court has personal jurisdiction over the Defendants because the Defendants
9  have engaged in actions in this District that form the basis of the Plaintiff's claims against the
10 Defendants. First, on information and belief, on or around 2009, QuickFlex, Inc. traveled to this
11 District to work on a project with NASA at the NASA Ames Research Center in Mountain View,
12 CA. Exhibit 7.

13     13.    Further, on information and belief, Robert Ledzius is the founder and board
14 member of QuickFlex, Inc. Exhibit 8. Mr. Ledzius has been a speaker at trade shows in California
15 during at least 2018, holding himself out as the founder of QuickFlex, Inc. Exhibit 9; Exhibit 10.
16 For example, Mr. Ledzius traveled to this District, particularly Santa Clara, California, to give a
17 presentation at the Design & Reuse IP-SOC Days trade show around April 2018. Exhibit 11.
18 Additionally, on or around December 2024, Mr. Ledzius gave an online presentation at IoT Slam
19 Grand Slam Live 2024, a trade show previously held at Redwood Shores, California, presumably
20 to attendees around the world including California. Exhibit 12; Exhibit 9. Finally, alleging
21 unauthorized use of the Asserted Patent, the Flex Loading Technologies mailed and emailed a
22 notice letter to QuickLogic, which essentially serves as pre-suit notice for a lawsuit.

23     14.    Therefore, the Defendants have availed themselves of the District and have created
24 a real, live, immediate, and justiciable case or controversy between the Defendants and the
25 Plaintiff.

26     15.    In doing so, the Defendants have established sufficient minimum contacts with the
27 Northern District of California such that the Defendants are subject to specific personal
28 jurisdiction in this action. Further, the exercise of personal jurisdiction based on these repeated and

pertinent contacts does not offend traditional notions of fairness and substantial justice.

16. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

17. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides if all defendants are residents of the State in which the district is located. Entities with the capacity to sue and be sued, such as the Defendants, are deemed to reside, if defendants, in any judicial district in which such defendants are subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

18. Defendants are subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, at least for the purposes of this action, the Defendants reside in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

19. Venue is also proper in this judicial district under 28 U.S.C. § 1400(b) because Defendants have sold or offer to sell products in this jurisdiction. Venue is also based in part on their threats of litigation made within are located in this judicial district and Konda Technologies, Inc. is incorporated in California and to a California resident company. Venue is also proper because the alleged acts giving rise to the infringement allegations all took place in this District.

## FACTUAL BACKGROUND

20. On December 4, 2024, Flex Loading Technologies sent a notice letter via email (info@quicklogic.com) and Federal Express to QuickLogic alleging unauthorized use of the Asserted Patent. Exhibit 1. Specifically, Defendants claim that QuickLogic "offers products and services and/or system offerings that infringe upon one or more claims of QuickFlex's patents, including, but not limited to U.S. Patent No. 8,176,212."[2] Exhibit 1.

21. On information and belief, Flex Loading Technologies is not the current assignee of the '212 Patent. On information and belief, the current assignee of the '212 Patent is QuickFlex, Inc. Exhibit 4.

---

[2] Flex Loading Technologies did not identify any patents at issue other than U.S. Patent No. 8,176,212 (the "Asserted Patent").

22. On information and belief, Flex Loading Technologies is a Patent Assertion Entity created on or around July 2023 for purposes of asserting Quick Flex, Inc's patents, including the '212 Patent.

23. Defendants demanded in the cease and desist letter that QuickLogic either entering into licensing negotiations by January 6, 2025, or Flex Loading Technologies "will take it to mean that QuickLogic prefers the Court determine the appropriate remedy for its unauthorized use of QuickFlex's patents," further stating that "QuickFlex is not reluctant to litigate patent infringement lawsuits." Exhibit 1. The letter concludes with an explicit statement that "[t]his letter is being sent without prejudice to all claims, defenses, rights, and remedies in law or equity, including the right to seek judicial relief, all of which are expressly reserved." Exhibit 1.

24. Defendants state in its draft Complaint that it is accusing the following products of infringing: (1) QuickLogic Aurora Software Tool Suite; (2) current or legacy products or services, which use, or have used, one or more of the foregoing products and services as a component product or component service; (3) combinations of products and/or services comprising two or more of the foregoing products and services; (4) and all other current or legacy products and services imported, made, used, sold, or offered for sale by Defendant's products and services imported, made, used, sold, or offered for sale by Defendant that operate, or have operated in a substantially similar manner as the above-listed products and services. (the "Accused Products"). Exhibit 3 at 2-3. Notably, the only product that is explicitly mentioned in Flex Loading Technologies' draft Complaint is the "QuickLogic Aurora Software Tool Suite." Exhibit 3.

25. On information and belief, on or around 2009, QuickFlex, Inc. traveled to this District to work on a project with NASA at the NASA Ames Research Center in Mountain View, CA. Exhibit 7 - 2009 NASA Ames QuickDirect Project - TechPort Report.

26. On information and belief, Robert Ledzius is the founder and board member of QuickFlex, Inc. Exhibit 8. Mr. Ledzius has been a speaker at trade shows in California during at least 2018, holding himself out as the founder of QuickFlex, Inc. Exhibit 9; Exhibit 10. For example, Mr. Ledzius traveled to this District, particularly Santa Clara, California, to give a presentation at the Design & Reuse IP-SOC Days trade show around April 2018. Exhibit 11.

27. On or around December 2024, Mr. Ledzius gave an online presentation at IoT Slam Grand Slam Live 2024, a trade show previously held at Redwood Shores, California, presumably to attendees around the world, including California. Exhibit 12; Exhibit 10.

## INTRADISTRICT ASSIGNMENT

28. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis. QuickLogic requests that the case be assigned to the San Jose Division because Plaintiff's primary places of business and residence are in Santa Clara County. Exhibit 13.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment That QuickLogic Does Not Infringe The '212 Patent)**

29. QuickLogic repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between QuickLogic and Defendants regarding infringement of the '212 Patent.

31. Specifically, in its December 4, 2024, letter, Flex Loading Technologies stated that QuickLogic "offers products and services and/or system offerings that infringe upon one or more claims of QuickFlex's patents, including, but not limited to U.S. Patent No. 8,176,212. We have provided the enclosed draft Complaint for Patent Infringement demonstrating the same. Additionally, QuickFlex owns and/or seeks additional patents not specifically identified herein, relating to similar technologies." Exhibit 1; Exhibit 3.

32. The '212 Patent is titled "Method and system for hierarchical and joinable behavior containers for reconfigurable computing" and purports to "substantially eliminate[] or reduce[] disadvantages and problems associated with previously developed partially reconfigurable computing resources." Exhibit 2.

33. QuickLogic denies Defendants' claim that QuickLogic infringes at least Claim 1 of the '212 Patent, shown below:

1. A method for flexible loading of a hardware behavior on a reconfigurable

1
2
3
4
5
6
7
8
9
10
11
12

        computer resource managed by a soft-ware programmable computing host, comprising the steps of:

            defining a configuration of hierarchical behavior container regions on said reconfigurable computer resource according to allowable electrical boundary limitations of said reconfigurable computer resource;

           selecting a hierarchical behavior container on said reconfigurable computer resource to load said hardware behavior according to a hierarchical process wherein said hardware behavior is loaded into the smallest hierarchical behavior container available in a configuration of hierarchical behavior container regions on said reconfigurable computer resource; and

         loading said hardware behavior into said selected hierarchical behavior container.

Exhibit 2.

34. QuickLogic seeks a declaration that it does not infringe, and has not infringed, any claim of the '212 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including through their making, use, sale, or offer for sale in, or importation into the United States.

35. Further, and by way of example only, Defendants cannot show that the Accused Products practice at least the following limitations of claim 1 of the '212 Patent: "defining a configuration of hierarchical behavior container regions on said reconfigurable computer resource according to allowable electrical boundary limitations of said reconfigurable computer resource; selecting a hierarchical behavior container on said reconfigurable computer resource to load said hardware behavior according to a hierarchical process wherein said hardware behavior is loaded into the smallest hierarchical behavior container available in a configuration of hierarchical behavior container regions on said reconfigurable computer resource; and loading said hardware behavior into said selected hierarchical behavior container."

36. For example, the Accused Products do not perform the "defining a configuration of hierarchical behavior container regions on said reconfigurable computer resource according to allowable electrical boundary limitations of said reconfigurable computer resource" element

because, as admitted and shown in Defendants' draft Complaint, Defendants' allege this element is performed by third party. Exhibit 3 at 7-8. Shown below, Defendants allege that the "defining a configuration…" element is met by "netlist creation."



Exhibit 3.

37. However, as shown in screenshots provided by Defendants,' the "netlist creation" is performed by a third party, Mentor Graphics Precision.

Exhibit 3.

38. Further, and by way of example only, Defendants cannot show that the Accused Products practice at least the following limitations of claim 1 of the '212 Patent: "selecting a hierarchical behavior container on said reconfigurable computer resource to load said hardware behavior according to a hierarchical process wherein said hardware behavior is *loaded into the smallest hierarchical behavior container available* in a configuration of hierarchical behavior container regions on said reconfigurable computer resource" element because Defendants cannot show that the selected hardware behavior is loaded into the smallest hierarchical behavior container available.

39. Additionally, and by way of example only, Defendants cannot show that the Accused Products practice at least the following limitations of claim 1 of the '212 Patent: "loading

said hardware behavior into said selected hierarchical behavior container" element because the Aurora Software Tool Suite does not load hardware behavior into hierarchical behavior containers.

## PRAYER FOR RELIEF

QuickLogic respectfully requests the following relief:

A. That the Court enter a judgment declaring that QuickLogic has not infringed and does not infringe any claim of the Asserted Patent;

B. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award QuickLogic its attorneys' fees, costs, and expenses incurred in this action;

C. That the Court award QuickLogic any and all other relief to which it may show itself to be entitled; and

D. That the Court award QuickLogic any other relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

QuickLogic hereby demands a jury trial on all issues and claims so triable.

Dated: January 3, 2025         **BAKER BOTTS L.L.P.**

*/s/ G. Hopkins Guy III*
G. Hopkins Guy III (CA Bar No. 124811)
Email: hop.guy@bakerbotts.com
Hien "David" Lien (CA Bar No. 313754)
Email: david.lien@bakerbotts.com
1001 Page Mill Road, Bldg. One, Suite 200
Palo Alto, CA 94304
T: (650) 739-7500
F: (650) 739-7699

*Attorneys for Plaintiff QuickLogic Corporation.*